UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CORTEZ CROSSDALE,<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM J. SULLIVAN,<br><br>        Respondent. | CV F   06-1686 DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO DISMISS PETITION, WITH PREJUDICE<br><br>[Doc. 7] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

    On October 5, 2000, Petitioner was convicted of battery on a correctional officer.  He was sentenced to a determinate state prison term of four years, to be served consecutive to a twelve-year term.  (Lodged Doc. No. 1.)  Petitioner did not appeal his conviction.   Petitioner subsequently filed three pro se post-conviction collateral challenges.

    The first petition was filed on May 15, 2003 in the Kern County Superior Court, and denied on June 11, 2003.  (Lodged Doc. Nos. 2, 3.)

    The second petition was filed in the California Court of Appeal, Fifth Appellate District

---

[1]  As Respondent submits, William J. Sullivan is the current Warden of California State Prison - Los Angeles County.  As William J. Sullivan has day-to-day control over Petitioner, Sullivan is substituted as Respondent in this matter.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

on December 10, 2004, and denied on December 22, 2004. (Lodged Doc. Nos. 4, 5.)

The third petition was filed in the California Supreme Court on June 29, 2005. (Lodged Doc. 6.) A supplemental petition was filed on February 17, 2006. (Lodged Doc. 7.) The petition was denied on May 10, 2006. (Lodged Doc. 8.)

Petitioner filed the instant petition for writ of habeas corpus on November 21, 2006. (Court Doc. 1.) On February 27, 2007, Respondent filed the instant motion to dismiss. Petitioner filed an opposition on August 23, 2007.[2]

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[2] Petitioner filed a motion for an extension of time to file an opposition on July 25, 2007. (Court Doc. 17.) Petitioner's motion was granted on August 1, 2007. (Court Doc. 20.)

2

of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on October 5, 2000. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) upon the expiration of the 60-day period following the imposition of the sentence in which Petitioner had to file an appeal with the California Court of Appeal on December 4, 2000. Cal Rules of Court, rule 31(a). Petitioner would have one year from December 5, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation

1  of statutory tolling applicable to the one year limitations period.)  Therefore, the statute was set to
2  expire on December 4, 2001.  Petitioner did not file the instant petition until November 21, 2006.
3  C.       Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
4          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
5  application for State post-conviction or other collateral review with respect to the pertinent
6  judgment or claim is pending shall not be counted toward" the one year limitation period.  28
7  U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is
8  tolled from the time the first state habeas petition is filed until the California Supreme Court
9  rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
10 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);
11 Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the
12 limitations period during the time a petitioner is preparing his petition to file at the next appellate
13 level reinforces the need to present all claims to the state courts first and will prevent the
14 premature filing of federal petitions out of concern that the limitation period will end before all
15 claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,
16 will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan
17 v. Walker, 533 U.S. 167 (2001).  Here, Petitioner did not file his first collateral petition until
18 May 15, 2003, well after the statute of limitations expired on December 4, 2001.  Because the
19 limitations period had already expired, the collateral challenge had no tolling consequence.
20 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th
21 Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see
22 also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354
23 (N.D.Cal.2002).
24 ///
25

---

26      [3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
27 habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order
   denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
28 Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by
   way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

D. <u>State Created Impediments</u>

Petitioner contends that he was placed in administrative segregation on November 17, 1999 and remained there until November 2001. Petitioner contends that although he was eventually acquitted of the disciplinary charges, he was nonetheless subjected to retaliatory actions by prison officials including interfering with his ability to file inmate grievances, tampering with his mail, refusing him access to the prison law library, prohibiting him from talking with inmate assistants, and additional placements in administrative in June 2002 and April 2003. Petitioner contends that the state-created impediments were finally lifted in April 2003.

In the event of an impediment created by State action in violation of the Constitution or laws of the United States, the one-year limitations period does not commence until after the impediment has been removed. 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) only applies when the petition has been impeded from filing a habeas petition and which violate the Constitution or laws of the United States. <u>Shannon v. Newland</u>, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005) (the state appellate court rejected petitioner's claim in light of a state supreme court decision that was subsequently overruled by that court.)

As Respondent correctly argues, beyond the mere issuance of the rules violation report and administrative segregation placement reports, Petitioner has failed to support his allegation that his placement in November 1999 lasted for a 24-month period, nor has Petitioner provided the duration of his placements in June 2002 and April 2003. Further, Petitioner fails to demonstrate that he was denied access to his legal materials when he was placed in administrative segregation. Additionally, Petitioner fails to provide any evidence to substantiate his claims of retaliatory measures taken by prison officials. Moreover, Petitioner has not met his burden of demonstrating that his placement in administrative segregation was not reasonably related to a legitimate penological interest, a predicate to demonstrating an unconstitutional impediment. <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000) (lockdowns for disciplinary reasons and violent outbreaks in the facility was a legitimate penological interest and not an unconstitutional impediment). In sum, Petitioner has not shown that the state denied him

access to his legal materials during the placement, or that such placement caused him to be unable to timely file his petition.[1]  See 28 U.S.C. § 2244(d)(1)(B).

Assuming, arguendo, that there was an unconstitutional state impediment which was not removed until April 2003, as claimed by Petitioner, the petition is still untimely.  If the impediment was not lifted until the last day of April, the statute of limitations commenced under § 2244(d)(1)(B) on April 30, 2003, and expired one year later on April 30, 2004.  Petitioner filed his first state habeas petition on May 8, 2003, applying the mailbox rule,[2] and was denied on June 11, 2003.  (Lodged Doc. Nos. 2-3.)  Thus, the first petition extended the statute of limitations from April 30, 2004, to June 4, 2004, a 35-day period.  However, as previously stated, Petitioner did not file the instant petition until November 21, 2006, over two years later, and it is still untimely even giving Petitioner the benefit of this tolling.

Although pursuant to Carey v. Saffold, 536 U.S. 214 (2002), interval tolling is available for the time a state petition is pending between a lower court's denial of relief and the filing at the higher court, provided that the filing in the higher court is timely under state law, Petitioner does not benefit of such tolling in this case.  Petitioner filed his second petition, applying the mail box rule, on December 6, 2004 (the date of the proof of service), approximately one year and five months (or 544 days) after the denial of his first state habeas petition on June 11, 2003.[3] (Lodged Doc. Nos. 3-4.)  In response to the question to explain any delay in the discovery of the claims for relief, Petitioner stated "see accompanying petition.")  As Respondent submits, the

---

[1] To the extent this factual circumstance could also potentially justify a basis for equitable tolling, it likewise fails.  Applying the legal standard set forth below under section E, Petitioner has simply failed to meet his burden in demonstrating a but-for connection between his placement in administrative segregation and his untimely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005).  Accordingly, for the same reason, Petitioner is likewise not entitled to equitable tolling.

[2] The first petition contains a proof of service dated May 8, 2003.  (Lodged Doc. No. 2.)  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

[3] In his motion to dismiss, Respondent incorrectly states that the interval was 177 days.  Although Respondent correctly notes that the first petition was denied on June 11, 2003, and the second petition was not filed until December 6, 2004, Respondent incorrectly states that this interval was 177 days.  It appears Respondent may have mistakenly calculated the date as being December 6, 2003, which would have made the interval 177 days.

only apparent explanation is on page four of the attached petition which states "[p]etitioner exercised diligence in presenting his claims once he became aware of it." (Lodged Doc. 4.) There is no support for his assertion, and as previously stated, the alleged state impediment ended, by Petitioner's own admission, on April 30, 2003, and he was therefore not suffering from a state-created impediment during this time. Accordingly, this delay was unreasonable and unjustified, and Petitioner fails to demonstrate otherwise.

In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 546 U.S. 189; 126 S.Ct. 846, 852 (2006). However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Id. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

In light of the Supreme Court's reasoning in Evans v. Chavis, this Court must find that Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling for one year and five months between the time the Kern County Superior Court denied Petitioner's state habeas petition and Petitioner filed the Court of Appeal petition. See Evans, 126 S.Ct. at 854 (finding no bright line rule, but determining six month delay not reasonable); Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and

tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable). Accordingly, both the second and third petition were filed after June 4, 2004, the date the statute of limitation period expired, giving benefit of the best-case scenario and with the benefit of tolling for the pendency for the first state petition, have no tolling consequence. Jiminez v. Rice, 276 F.3d at 482.

E.   Equitable Tolling

Petitioner contends that he is entitled to equitable tolling based on his mental health issues.

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[4] Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

First, as Respondent argues, the time in which Petitioner seeks equitable tolling due to his mental health issues is inconsequential. As explained above, the statute of limitations expired on December 4, 2001, or, under the best-case scenario, on June 4, 2004. Petitioner alleges and submits documentation claiming that he suffered from mental health disabilities since October 2005, well after the statute of limitations had expired under either situation, and has no bearing on the limitations period. In his opposition, Petitioner contends that his mental condition was merely diagnosed and confirmed in October of 2005. (Opposition, at 5-6.) Petitioner's claim is nothing more than a vague allegation which is insufficient to demonstrate equitable tolling.

"[A] 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously,

---

[4] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n.8.

8

an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations.  Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) (citing Calderon v. U.S. District Court (Kelly), 163 F.3d at 541.)  The Ninth Circuit has also noted that "'[t]he firmly entrenched common law right to competence persisting beyond trial is a strong indicator of a constitutional due process right' to competency in postconviction proceedings or to a stay of proceedings until competence is regained."  Laws, 351 F.3d at 923 (citing Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir. 2003).  Equitable tolling is available, however, only where a petitioner's alleged mental incompetence somehow made filing a timely petition impossible.  Laws, 351 F.3d at 922-23; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (reversed en banc on other grounds 295 F.3d 1046 (2002)), the Ninth Circuit concluded that a petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."  The Ninth Circuit recently affirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  There, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate."  Id.

A review of the documentation submitted by Petitioner does not demonstrate that he was suffering from a mental illness such that he was prevented from filing his post-conviction challenges earlier.  As Respondent submits, the documents, at best, demonstrate that he suffered from some form of depression and was having trouble sleeping.  The documents do not show that a mental condition or medication affected Petitioner's cognitive abilities to the extent of preventing him from managing his legal business.  Petitioner has simply failed to meet his burden of proof.  Beyond the bare assertion that his mental condition prevented him from filing his petition earlier, Petitioner has not provided any specific factual circumstances establishing a nexus between the alleged mental health issues and his inability to have filed his post-conviction challenges earlier.  Nor has Petitioner demonstrated that he diligently pursued his federal claims.  Accordingly, Petitioner is not entitled to equitable tolling.

ORDER

Accordingly, it is HEREBY ORDERED that the motion to dismiss is GRANTED and the habeas corpus petition is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

IT IS SO ORDERED.

**Dated:    August 30, 2007**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE